IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

| | | |
|---|---|---|
| CHRISTOPHER ALAN NIEDERKORN,) | | |
| Petitioner ) | | |
| ) | | |
| vs. ) | 19 CR 00241 | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| WARDEN OF FCI MCDOWELL, ) | | |
| ) | | |
| Respondents ) | | |

FILED
FEB 28 2023
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

3:23 cv-55
Groh, Trumble, Sims

### 28 U.S.C. 2241 PETITION FOR RELIEF

Now comes the Movant, **Christoper Alan Niederkorn,** pro se, hereinafter Petitioner, who moves this Honorable Court for Leave to file this Petition and Memorandum in Support of said Petition for relief, pursuant to 28 U.S.C. 2241, and pursuant to Section 404(b) of the First Step Act of 2018, (FSA), asking for the granting of the aforementioned relief of a writ of habeas corpus, alleging that he is currently being held illegally and contrary to applicable law, and in support thereof, states as follows:

### STATEMENT OF JURISDICTION

This United States District Court for the Northern District of West Virginia has jurisdiction over all matters before the court concerning the criminal laws of the United States which take place in that district, under 18 U.S.C. Section 3231, 21 U.S.C. Section 41(a)(1)(b)(1)(A), 21 U.S.C. Section 846.

1

## **PROCEDURAL HISTORY**

Petitioner was indicted in 2019 and charged with violation of various federal drug statutes, including 21:841(a)(1) and 841(b)(1)(A) Possession with Intent to Distribute, pled guilty and was sentenced to 133 months imprisonment. His sentence is scheduled to be completed in July February of 2029, not including the one year of FSA sentence credits to which he is entitled.

He is currently in custody at FCI McDowell, whose warden is the Respondent in this Petition. Petitioner now files this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. 2241, and pursuant to Section 404(b) of the First Step Act of 2018 (FSA) . Pursuant to the terms of the FSA, Petitioner has exhausted his administrative remedies, which are attached hereto and incorporated herein, and his requests have been rejected by the warden. In several instances, the Respondents failed to file responses (or rejections) within the statutorily mandated time period, or made it impossible to attach copies of rejections for Petitioner to include with his submission of appeal to the next level of remedies.

In addition to having exhausted his remedies, Petitioner asserts that any further attempts to resolve the matter administratively is clearly futile, and Petitioner includes herewith in his exhibits the steps he took to properly exhaust, and also to memorialize Respondent's noncompliance with its own remedy process. Petitioner also will argue that the BOP's repeated and continuing failure to properly follow the clearly delineated statutory terms and conditions of FSA also negates the necessity of exhausting remedies. As a result, the matter is now ripe for adjudication before this Honorable Court.

## ARGUMENTS

### I. THE WARDEN AND THE FEDERAL BUREAU OF PRISONS HAVE FAILED TO TIMELY APPLY HIS SENTENCE CREDITS MANDATED BY THE FIRST STEP ACT OF 2018

Under the First Step Act, (FSA), Time Credits "shall" be applied when incarcerated people earn them. The FSA makes this clear two separate times. First, in 18 U.S.C. § 3632(d)(4)(A), the FSA states that "[a] prisoner ... who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits...." Second, in 18 U.S.C. § 3632(d)(4)(C), the FSA states that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release" and that "[t]he Director of the Bureau of Prisons shall transfer eligible prisoners ... into prerelease custody...."

As one federal judge explained in a 2021 case of O'Bryan v. Cox, 20-7582, (D of NJ, 8-25-2020), "[m]andatory words such as 'shall' impose a duty and permissive words such as 'may' grant discretion...." Because Congress was clear in using the mandatory word "shall" in these instances, that court concluded, "no deference is to be accorded to the BOP position that it need do nothing with accrued time credits under the FSA until January 15, 2022." As the O'Bryan court noted, this is the only interpretation permitted by the "shall"-heavy statute.

Petitioner alleges that the Federal Bureau of Prisons ("BOP") has failed to apply his "Earned Time" credits for "Evidence-Based Recidivism Reduction Training" under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), a

recently enacted statute aimed at assisting prisoners' reintegration into society. Petitioner contends that the BOP should have given him credit for his participation in various training programs, as well as his prison employment, reducing his custodial sentence by one year, with the balance of his accrued FSA credits applied to any halfway house or home confinement. Petitioner further alleges that if those accrued sentence credits were applied pursuant to the clear language of FSA, he would be eligible for release in early 2027.

## II. THE FIRST STEP ACT OFFERS PRISONERS THE OPPORTUNITY TO EARN CREDIT TOWARD THEIR SENTENCE.

As noted in <u>Goodman v. Ortiz</u>, 20-7582, (D. NJ, 2020),

> Under the Act, the BOP created a risk and needs assessment system, titled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN,") in compliance with the First Step Act, 18 U.S.C. § 3632(a). The First Step Act required the BOP, among other things, to "determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such programming accordingly…." 18 U.S.C.A. § 3632(a)(3). Pursuant to 18 U.S.C. § 3632(d)(4), prisoners shall earn time credits for participation in such programs:
> 
> (4) Time credits.—
> (A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
> > (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
> > (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence based recidivism reduction programming or productive activities.
> 
> (B) Availability.--A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed—
> > (i) prior to the date of enactment of this subchapter; or
> > (ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a).

Petitioner was not incarcerated until after the enactment of FSA, has maintained a MINIMUM PATTERN score, has a flawless institutional record, and is, therefore eligible to receive the maximum amount of sentence credits, twelve (12) months.

### III. THE FIRST STEP PATTERN PROGRAM

"The First Step Act, Pub. L. No. 115-015, 132 Stat. 015 (2018), signed into law on December 21, 2018, provides comprehensive federal criminal justice reform by, inter alia, creating a new risk and needs assessment system to provide appropriate programming for prisoners...." Musgrove v. Ortiz, No. CV 19-5222 (NLH), 2019 WL 2240563, at *2 (D.N.J. May 24, 2019). The First Step Act added the following relevant subsections to 18 U.S.C. § 3621:

> (h) Implementation of risk and needs assessment system.—
>
> > (1) In general.--Not later than 180 days after the Attorney General completes and releases the risk and needs assessment system [release occurred on July 19, 2019] (referred to in this subsection as the "System") developed under subchapter D, the Director of the Bureau of Prisons shall, in accordance with that subchapter—
> > (A) implement and complete the initial intake risk and needs assessment for each prisoner (including for each prisoner who was a prisoner prior to the effective date of this subsection), regardless of the prisoner's length of imposed term of imprisonment, and begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination;

5

(B) begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers and add any new evidence-based recidivism reduction programs and productive activities necessary to effectively implement the System; and

(C) begin to implement the other risk and needs assessment tools necessary to effectively implement the System over time, while prisoners are participating in and completing the effective evidence based recidivism reduction programs and productive activities.

(2) Phase-in.--In order to carry out paragraph (1), so that every prisoner has the opportunity to participate in and complete the type and amount of evidence-based recidivism reduction programs or productive activities they need, and be reassessed for recidivism risk as necessary to effectively implement the System, the Bureau of Prisons shall—

(A) provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner under paragraph (1)(A); and

(B) develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism reduction programs and productive activities.

(3) Priority during phase-in.--During the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a

prisoner's proximity to release date.

(4) Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives.--Beginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D. 18 U.S.C. § 3621(h)(1-4). Thus, according to § 3621(h), the BOP was required to create the risk and needs assessment system by January 15, 2020, begin implementing it on that date, and with full implementation complete on January 15, 2022.

In the case of Petitioner, the Respondent and the BOP clearly failed to properly execute the duties required of it under the FSA. The BOP has had more than sufficient time to implement the requirements of the FSA, and any further delay on the part of the BOP based upon its failure tom comply with the clear intent of Congress to expedite and maximize the accrual and application of these sentence credits is a violation of Petitioner's due process.

### IV. TIME IS OF THE ESSENCE GIVEN THE FACT THAT PETITIONER'S SENTENCE WITH FSA CREDITS, ALONG WITH HALFWAY HOUSE TIME, WOULD EXPIRE IN EARLY 2027

The First Step Act of 2018 has now been law since December of the same year, yet in the almost four years since its passage, the BOP has yet to fully implement the awarding of earned sentence credits, and continues to put forth rules that do little to expedite the process of timely fulfilling the intent of Congress.

Petitioner has satisfied all of the requirements of FSA, and is now entitled to have his sentence credit awarded and reflected on the BOP's website.

## CONCLUSION

Petitioner moves this Honorable Court grant his Section 2241 Petition; appoint an attorney for any evidentiary hearing this Court might deem appropriate; order that the BOP grant Petitioner the full one year sentence credits, post Petitioner's new "out" date on the BOP website, and continue to calculate accruing FSA credits as accrued. and grant all other relief this Court may deem just and proper.

Respectfully Submitted,

By: _____

## CERTIFICATE OF SERVICE

Petitioner does hereby certify that Petitioner caused to be served a true and correct copy of this Petition was duly served on all attorneys of record on the 22 day of Feb. 2023, through the Prison Mail System.

Signed: _____